## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**LEWIS J. WHITE,**
**ADC #129569**                                                                    **PLAINTIFF**

v.                                   **No. 5:12-cv-362-DPM-JTR**

**RAY HOBBS, Director,**
**Arkansas Department of Correction** *et al.*                  **DEFENDANTS**

### ORDER

1.      White has filed this *pro se* § 1983 action alleging that defendants violated his constitutional rights in several ways when they found him guilty of disciplinary infractions for typing another prisoner's legal brief. *Document No. 7.* The Court must screen White's allegations.  28 U.S.C. § 1915A.

2.      White has not stated a viable due process claim.  He contends that defendants violated his Fourteenth Amendment right to due process.  A prisoner has a right to due process during prison disciplinary proceedings only if he has a liberty interest at stake.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).  As punishment for his disciplinary infractions, White was reduced in class, and he lost

commissary, visitation, and phone privileges for thirty days. White did not have a liberty interest in maintaining his class or privileges. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Madewell v. Roberts*, 909 F.3d 1203, 1207 (8th Cir. 1990).

   3.     White's allegations that defendants violated several internal prison rules during his disciplinary proceedings do not constitute a constitutional violation. Prisoners do not have a constitutional right to enforce compliance with internal prison rules. *Phillips*, 320 F.3d at 847; *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

   4.     White has not stated a viable double jeopardy claim. White alleges that defendants violated the Fifth Amendment prohibition against double jeopardy when the found him guilty of several different disciplinary infractions in connection with his decision to assist another inmate with his legal work. But the double jeopardy clause does not apply to prison disciplinary proceedings. *Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982).

   5.     Finally, White makes the vague allegation that his unspecified First and Sixth Amendment rights were violated when he was punished for helping another prisoner with his legal work. Prisoners do not have a

-2-

constitutional right to provide legal assistance to fellow prisoners. *Shaw v. Murphy*, 532 U.S. 223, 230-31 (2001); *Bear v. Kautzky*, 305 F.3d 802, 805-06 (8th Cir. 2002); *Gassler v. Rayl*, 862 F.2d 706, 708 (8th Cir. 1998). Further, White does not have standing to bring an access to the court claim on behalf of the prisoner who may have been harmed by not having White's assistance with his legal work. *Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998) Thus, White has not stated a viable First or Sixth Amendment claim.

6.      The case is therefore dismissed without prejudice for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Dismissal constitutes a strike. 28 U.S.C. § 1915(g). An *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

D.P. Marshall Jr.
United States District Judge

15 November 2012

-3-